# SUPREME COURT.

·CHARLES GAFFNEY *et al.* agt. JOSHUA G. BIGELOW.

*Service by mail—conditional notice on envelope.*

Where service of papers is made by mail, no condition should be reserved; the service must be absolute and complete at the deposit in the post-office.

Where the papers to be served, are inclosed in an envelope which has on its face a notice " If not called for in five days return to the attorneys " making the deposit in the post-office, is such a condition or qualification as vitiates the service.

*Onondaga Special Term, February,* 1875.

MOTION to set aside judgment as being irregularly entered after the service of a demurrer by mail.

*Ruger & Jenney,* for motion.

*S. J. Darrow,* opposed.

MERWIN, J.,—The defendant's attorneys in this case, reside at Syracuse and the plaintiffs' attorney at Utica. On the last day for answering the complaint, the defendant's attorneys deposited in the post-office at Syracuse, a demurrer properly enveloped and directed to the plaintiffs' attorney at Utica. Upon the face of the envelope there was printed the following : " If not called for in five days, return to Ruger, Wallace & Jenney, attorneys, &c., Syracuse, N. Y." Upon the following day, this was received by the plaintiffs' attorney by mail, and he on the same day returned it with a notice that

Gaffney agt. Bigelow.

he declined to receive it; that it was not sent in time; that the service by mail was bad by reason of the condition or qualification indorsed on the envelope to return if not called for in five days.

The letter not being in fact received until after the expiration of the time to answer, the defendant must rely upon his service by mail at the time of the deposit at Syracuse, and the question, therefore, is whether the indorsement referred to was such a condition or qualification as to vitiate the service.

I understand the late Mr. justice DOOLITTLE decided that such service was bad, and I am inclined to concur with him.

Courts have always held to a strict performance on a service of this kind (1 *Hill*, 217). The mailing, for instance, must be at the place where the attorney resides (1 *Barb. Ch.*, 649; 13 *How.*, 57; 4 *How.*, 246), although no harm comes from such mailing. If not strictly regular, the mailing party takes the risk of its being received in time.

If an indorsement to return if not called for in *five* days, could be made, the same principle would allow one to be made to return in *one* day.

It seems to me the mailing should be absolute and unconditional. No control over it should be reserved in any event. The rule that the service is complete at the deposit, is one that in many cases works hardship to the opposite party. The party getting the benefit of it should, therefore, strictly comply.

The motion is, therefore, denied with costs.